IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDIS CORPORATION | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | C.A. No. 97-550-SLR |
| v. | ) | |
| | ) | |
| MEDTRONIC VASCULAR, INC., et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| MEDTRONIC VASCULAR, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | C.A. No. 97-700-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| CORDIS CORPORATION, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**CORDIS' RESPONSE TO AVE'S SUBMISSION ON
PRODUCT-TO-PRODUCT COMPARISONS**

In its February 23, 2005 Memorandum Order on *in limine* motions, this Court stated as follows in holding that product-to-product comparisons are <u>not</u> admissible on infringement and <u>may</u> be relevant on validity:

> Cordis' motion in limine to exclude improper product-to-product comparisons ... is **granted** to the extent that product-by-product comparisons (as well as product-by preferred embodiment comparisons) may **not** be introduced for purposes of an infringement analysis. However, such comparisons <u>may</u> be appropriate in the context of validity ... analyses. (Bold type in original; underlining added).

D.I. 1329 at 7-8; see also D.I. 1337 (Revised Memorandum Order) at 7-8.

Following that ruling and in reliance on it, Cordis significantly narrowed its proof on validity. In particular, Cordis decided not to rely on the commercial success of AVE's stents and decided not to accuse AVE of copying. As a result, product-to-product comparisons are not relevant to any validity issue that remains in the case. They should be excluded from evidence.

**1. Product-to-Product Comparisons Are Inadmissible on Infringement**

This Court has excluded product-to-product comparisons on infringement. D.I. 1337 at 7-8. AVE does not provide any basis for reconsidering that ruling. Yet it persists in arguing that product-to-product comparisons should be allowed on infringement.

AVE states (Br. at 3) that its medical expert, Dr. Heuser, wants to portray AVE's "variably thick crown" as an advantage over Cordis' stents. But as the Federal Circuit repeatedly has held *en banc*, the appropriate comparison is between the accused product and "the properly construed claims" – "***not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee.***" Johnson & Johnston Assocs., Inc. v. R.E. Service Co., 285 F.3d 1046, 1052 (Fed. Cir. 2002) (*en banc*), quoting SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1121 (Fed. Cir. 1985) (*en banc*).

AVE also states (Br. at 3-4) that its infringement expert Dr. Wagoner wants to offer testimony based on his "side-by-side examination of the accused stents with a Palmaz and Palmaz-Schatz stent," that "the tapered crown configuration is an important feature of Medtronic AVE's stents which distinguishes it from other stents." Dr. Wagoner only is testifying on infringement and not on validity. His testimony would be directly counter to the Federal Circuit's *en banc* holding that an infringement determination may not be based on product-to-product comparisons. Johnson & Johnston, 285 F.3d at 1052; SRI, 775 F.2d at 1121.

AVE's argument (Br. at 5-6) that product-to-product comparisons would provide "context," i.e., "help illustrate stents with substantial uniform thickness and demonstrate why the

Medtronic AVE stents do not infringe that limitation," is exactly the kind of product-to-product comparison that the Federal Circuit has rejected as improper, Johnson & Johnston, 285 F.3d at 1052; SRI, 775 F.2d at 1121, and that this Court excluded in its ruling on *in limine* motions. See D.I. 1337 at 7-8.

AVE's approach equates an example of the invention (a commercial embodiment or a preferred embodiment) with the invention itself. That is improper. As the Federal Circuit has held, the invention is defined by the claims, not by examples from the specification or examples from the marketplace. Johnson & Johnston, 285 F.3d at 1052-53; SRI, 775 F.2d at 1121.

AVE's further argument (Br. at 6) that the "Palmaz-Schatz is not only a preferred embodiment, it is the only embodiment" is at odds with Federal Circuit cases holding that "the number of embodiments disclosed in the specification is not determinative of the meaning of disputed claim terms." Teleflex, Inc. v. Ficosa N. America Corp., 299 F.3d 1313, 1327 (Fed. Cir. 2002) (rejecting alleged infringer's argument that claim scope should be restricted to the only embodiment disclosed in the specification).

AVE is free to describe its stents as having desirable features, but comparisons to Cordis' commercial embodiments or the preferred embodiment are not a proper basis for comparison. They are not relevant to infringement. Johnson & Johnston, 285 F.3d at 1052; SRI, 775 F.2d at 1121.

2. **Product-to-Product Comparisons are Not Relevant to Any Remaining Validity Issue**

AVE strains to find some validity issue that remains in the case where product-to-product comparisons could be relevant. It does not come close to succeeding.

1161642v1

### a. "Absence" of a Secondary Consideration is a Neutral Factor

AVE argues (Br. at 7) that "the…absence of secondary [considerations] can be relevant to the obviousness determination." AVE does not explain the significance of that assertion, and Federal Circuit cases hold the opposite. Medtronic should know – from having litigated a leading case on the subject – that "the absence of secondary considerations 'is a neutral factor.'" Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc., 807 F.2d 955, 960 (Fed. Cir. 1986), quoting Medtronic Inc. v. Intermedics, Inc., 799 F.2d 734, 799 (Fed. Cir. 1986); see also Miles Labs., Inc. v. Shandon, Inc., 997 F.2d 870, 878 (Fed. Cir. 1993) ("the lack of such evidence [of secondary considerations] does not weigh in favor of obviousness").

### b. Product-to-Product Comparisons are Not Relevant to Rebut Assertions that Dr. Palmaz's Work Created an Industry

AVE misapprehends Cordis' proof when it argues that product-to-product comparisons are relevant to rebut Cordis' assertion that Dr. Palmaz's work created the stent industry. Contrary to AVE's contention, Cordis is <u>not</u> asserting in this trial that all stents practice Dr. Palmaz's patent (although in fairness to Dr. Palmaz, it should be noted that all commercially successful stents do in fact practice his invention). Rather, Cordis <u>is</u> asserting the true fact that Dr. Palmaz developed the first balloon expandable stent. The industry followed Dr. Palmaz's teaching of a balloon-expandable stent – and not the prior art's teachings of self-expanding stents or other techniques. No one would dispute that the Wright brothers' pioneering work created the aviation industry. That is true regardless of the extent to which modern airplanes differ from the one flown at Kitty Hawk, or whether today's aircraft would be covered by the Wright patents. Cordis' assertion that Dr. Palmaz created the stent industry is <u>not</u> an assertion that all stents practice his patent. Rather, it is a legitimate secondary consideration

reflecting praise for, and acceptance of, Dr. Palmaz's invention. It does not give AVE an excuse for product-to-product comparisons.

### c. Product-to-Product Comparisons are Not Relevant to the Commercial Success of Cordis' Products

If Cordis were relying on the commercial success of AVE's stents, then AVE would be entitled to show the reasons why its stents were successful. But Cordis is not relying on AVE's commercial success. The reasons for AVE's commercial success have no relevance to any issue remaining in this case.

As the cases that AVE cites make clear, the "nexus" issue involves the connection between the patented invention and the commercial success *of the allegedly successful product*. AVE wants to turn the nexus inquiry on its head – away from the reasons for the success of the Palmaz and Palmaz-Schatz stents and towards the reasons for the success of the AVE stents, whose commercial success is not in issue. That is completely improper.

The rationale for considering commercial success is that it shows the financial rewards which awaited anyone who arrived at a supposedly "obvious" solution. See Indian Head Indus., Inc. v. Ted Smith Equip. Co., Inc., 859 F. Supp. 1095, 1105 (E.D. Mich. 1994) ("The idea is that had the invention been obvious, inventors would have produced it earlier to reap the monetary rewards."). The fact that others have had success of their own, even by improving the patented invention, has no bearing on whether the patented invention was obvious when made. By way of example, the invention of the first television was no less of a commercial success simply because color TVs replaced black-and-white TVs many years later. By the same token, the reasons for AVE's success in the market in 1998-2000 – many years after the Palmaz and Schatz inventions, and after the Palmaz-Schatz stent was introduced and successful – is

1161642v1

irrelevant to showing the supposed obviousness of the Palmaz invention in 1985 and of the Schatz invention in 1988.

### d. Product-to-Product Comparisons Are Not Relevant to Skepticism

AVE argues in passing (Br. at 11) that it should be permitted to rebut Cordis' showing of skepticism by demonstrating that "many stent designers, including Medtronic AVE, were filing for stent patents and designing stents better than the patented stents at the time of the alleged skepticism." This is relevant only as a generality, and is both irrelevant and highly prejudicial as to AVE products and patents in particular.

Cordis does not object to evidence that some persons were designing stents at the same time that others were skeptical. Cordis has never asserted that *everyone* was a skeptic. Moreover, as a generality, it is true that new stent designs improved on earlier ones, and both parties can and will agree on that. But those facts do not open the door to what AVE wants to prove – that the AVE stents in particular were superior to the Palmaz-Schatz stent in particular. (Of course, the AVE stents are not superior to other commercial embodiments of Cordis patents, such as BX Velocity and Cypher.) AVE's proposed proof has nothing to do with skepticism and everything to do with improper product-to-product comparisons, transparently offered only for the purpose of improperly suggesting non-infringement.

### e. Product-to-Product Comparisons Are Not Relevant to Long-Felt Need

AVE also argues (Br. at 11) that product-to-product comparisons are relevant "to show that there was no long-felt need for the patented features." In considering long-felt need, the relevant time frame is the period before the patented invention – here, the period before November 1985 for the '762 patent and the period before October 1988 for the '984 patent. Products that AVE introduced more than a decade later have no bearing on that issue.

3. **Summary**

AVE apparently wants to parade product-to-product comparisons in front of the jury, in the hope that the jury will misuse them in analyzing infringement. Apparently, that hope is what lies behind AVE's insistence on placing this evidence in the record. With Cordis having narrowed its case in reliance on the Court's February 23 Memorandum Order, product-to-product comparisons are not relevant to any remaining issue and should be entirely excluded.

## CONCLUSION

Product-to-product and product-to-preferred embodiment comparisons have no relevance to any issue remaining in this case. They should be excluded from evidence.

ASHBY & GEDDES

/s/ Steven J. Balick

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801
302-654-1888
*Attorneys for Cordis Corporation*

*Of Counsel*:
Gregory L. Diskant
Eugene M. Gelernter
Michael J. Timmons
Kathleen Crotty
Christopher Jackson
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Eric Harris
JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, NJ

Dated: March 6, 2005

154317.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2005, the attached **CORDIS' RESPONSE TO AVE'S SUBMISSION ON PRODUCT-TO-PRODUCT COMPARISONS** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Karen Jacobs Louden, Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 N. Market Street<br>Wilmington, DE 19801 | **VIA ECF FILE AND SERVE** |
| Raphael V. Lupo, Esquire<br>McDermott, Will & Emery<br>600 13th Street, N.W.<br>Washington, D.C. 20005-3096 | **VIA FACSIMILE** |
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor<br>Rodney Square North<br>Wilmington, DE 19801 | **VIA ECF FILE AND SERVE** |
| George E. Badenoch, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | **VIA FEDERAL EXPRESS** |

*/s/ Steven J. Balick*
Steven J. Balick