Cordis Corp.
v.
Medtronic AVE, Inc., Boston Scientific
Corp. and Scimed Life Systems, Inc.
<u>Civil Action No. 97-550-SLR</u>

---

Medtronic Vascular, Inc.
v.
Cordis Corporation, et al.
<u>Civil Action No. 97-700-SLR</u>

---

## PRELIMINARY JURY INSTRUCTIONS

**Members of the Jury:**

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties**

This is an action for patent infringement arising under the patent laws of the United States. The plaintiff is Cordis Corporation. The defendant is Medtronic AVE, Incorporated. Plaintiff and defendant are companies engaged in the design, development, marketing and sale of stents, which are medical devices implanted into arteries.

Plaintiff is the owner of two United States Patents at issue in this case. The patents are United States Patent Nos. 4,739,762, which I will refer to as "the '762 patent" and 5,195,984, which I will refer to as "the '984 patent." I may also refer to these as the "patents in suit." A copy of each of

these patents has been given to you along with these preliminary instructions.

Plaintiff contends that defendant manufactures and sells certain stents that infringe the patents in suit. Defendant denies all of plaintiff's allegations of infringement and further asserts that the patents in suit are invalid.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments and questions by lawyers are not evidence. Objections to questions are not evidence. Lawyers

have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. I will instruct you further during the trial if this happens.

    2.    Anything you see or hear outside the courtroom is not



that what plaintiff claims is more likely true than not.  To put it differently, if you were to put plaintiff's and defendant's evidence concerning infringement on opposite sides of a scale, the evidence supporting plaintiff's claims would have to make the scales tip somewhat on its side.

In this case, defendant is urging that the patents in suit are invalid.  A patent, however, is presumed to be valid.  Accordingly, defendant has the burden of proving by clear and convincing evidence that the asserted claims of the patents in suit are invalid.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable.  Proof by clear and convincing evidence, therefore, is a higher burden than proof by a preponderance of the evidence.

**Summary of the Issues**

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial.  Those instructions will repeat this summary and will provide more detail.  In essence, you must decide:

1. Whether plaintiff has proven by a preponderance of the evidence that defendant's stents infringe one or more of the patents in suit.

2. Whether defendant has proven by clear and convincing evidence that any claim of the patents in suit is invalid.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Third, do not reach any conclusion as to the issues presented until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Although the proceedings during trial will be transcribed by court reporters, it is not the practice of this Court to make the trial transcripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we have provided. The binders will be collected each time you leave the

courtroom. Keep in mind that your notes are for your own personal use - they are not to be given or read by anyone else. Finally, please wear your juror identification tags everyday, so that the parties can avoid engaging you in conversation, thereby bringing your impartiality into question.

**Course of the Trial**

The trial will now begin. The attorneys have three opportunities to talk to you during the trial. The first opportunity is the opening statement. During the opening statements, the attorneys will introduce their respective stories to you. As I've already instructed, however, what the lawyers say is not evidence. It will be up to you to determine whether the evidence - the testimony of the witnesses and the admitted documents - supports what the lawyers say in their opening statements. The second opportunity that the lawyers have to talk to you is during transition statements. Lawyers are permitted to make transition statements whenever they call a witness to the stand, to introduce the witness and to briefly explain the relevance of the witness's anticipated testimony. Finally, after all the evidence is in, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their story. I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your

verdict.

You should generally expect that we will start the trial each morning at 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch.  As I said earlier, I time my civil trials, meaning each party is given a certain number of hours in which to present its evidence.  This assures that trials will be completed on a predictable basis.  This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.

**GLOSSARY OF PATENT TERMS**

| | |
|---|---|
| **Assignment** | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| **Claims** | That part of a patent which defines the limits of the invention. These are found at the end of the patent specification in the form of numbered paragraphs. |
| **Disclosure or Description** | That part of the patent specification which explains how the invention works and usually includes a drawing or drawings. |
| **File wrapper or Prosecution history** | The written record of proceedings in the United States Patent and Trademark Office (Patent Office or PTO) including the original patent application and subsequent communications between the Patent Office and applicant. |
| **Patent application** | The initial papers filed in the Patent Office by an applicant. These typically include a specification, drawings, and the oath (declaration) of applicant. |
| **Patent examiners** | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| **Prior art** | Any information which is used to describe public, technical knowledge prior to the invention by the applicant or more than a year prior to his/her application. |
| **References** | Any item of prior art (publication or patent) used to determine patentability. |
| **Specification** | That part of the patent application or patent which describes the invention and concludes with one or more claims. |