IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C. A. No. 97-550 (SLR) |
| | ) | |
| MEDTRONIC VASCULAR, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| MEDTRONIC VASCULAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 97-700 (SLR) |
| v. | ) | |
| | ) | |
| | ) | |
| CORDIS CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEDTRONIC AVE'S REVISED PROPOSED JURY INSTRUCTIONS**

While Medtronic AVE had hoped that the parties would jointly submit revised jury instructions, unfortunately Cordis would not confer with Medtronic AVE over the weekend and would not provide Medtronic AVE the parties' previously-filed instructions in electronic format. Medtronic AVE thus is separately submitting certain revised jury instructions.

In particular, Medtronic AVE proposes an alternative instruction 3.6 on Infringement. The instruction breaks the infringement inquiry down into steps as the Court requested at the hearing last Friday.  Because this instruction also points out that the accused products are compared to the claims and not other products, Medtronic AVE does not believe that there is a need for a separate instruction in this regard, as Cordis proposes in instruction 3.7.  Medtronic AVE also proposes alternative instructions on Differences Over Prior Art and Hindsight, which track the instructions given by the Court in the *ACS v. Medtronic* case (C.A. No. 98-80).  These

instructions would replace proposed instructions 4.7, 4.10 and 4.11.  Finally, Medtronic AVE

also offers a slightly revised instruction on Public Use.

Medtronic AVE also advises that it will join in Cordis' version of instruction 3.4 on

Construction Of Claims.  Therefore, Medtronic AVE withdraws its alternative instruction.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____

/s/Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899
(302) 658-9200
Attorneys for Medtronic Vascular, Inc.
klouden@mnat.com

OF COUNSEL:

Raphael V. Lupo
Donna M. Tanguay
Mark G. Davis
D. Michael Underhill
Michael W. Connelly
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

March 7, 2005

454164

### 3.6    Infringement – Medtronic AVE's Version

Cordis asserts that Medtronic AVE's stents literally infringe the "substantially uniform thickness" limitation of the asserted claims.  A limitation is literally infringed if it is exactly present in the accused device or devices, in this case, the Medtronic AVE accused stents.  To find that a Medtronic AVE stent literally infringes the "substantially uniform thickness" limitation in an asserted claim, you must find by a preponderance of the evidence that Medtronic AVE's MicroStent II, GFX and GFX II products have a wall having substantially uniform thickness.

Literal infringement must be determined with respect to each asserted claim individually by comparing each accused product to each of the asserted claims.  First, you should look at the substantial uniform thickness requirement of the claims.  Next, you should compare Medtronic AVE's accused products to the claim language, and not to Cordis' products.  If any of the accused products do not satisfy the "substantially uniform thickness" limitation, that product does not literally infringe that claim.  You must determine literal infringement with respect to each asserted claim and each accused product individually.

454164

## 4.7    Differences Over Prior Art

The next factor that you must consider is the differences, if any, between the prior art and the claimed invention. Although it is proper for you to note any differences between the claimed invention and the prior art, it is improper to consider the invention as only the differences, because the test is whether the claimed invention as a whole would have been obvious over all of the prior art. Each claim must be considered in its entirety and separately from the other claims.

A patent claim is not obvious simply because all of its limitations are found in the prior art. If you find that the individual limitations of the claims are present in the prior art, you must determine whether it would have been obvious to a person of ordinary skill in the art to combine or coordinate the prior art elements in the same manner as the claims in suit.

If it is necessary to combine prior art references to form the claimed invention, you must decide whether the prior art suggested the desirability of the combination and the likelihood of success of it. Such a suggestion to combine must come from the prior art, the nature of the problem or from the ordinary knowledge of those skilled in the art, and not from the patents in suit.

The mere fact that the art can be modified does not make the modification obvious unless the prior art suggests the desirability of the modification. For the prior art to suggest the claimed invention, it is not necessary that one of ordinary skill in the art, looking at the prior art , could predict with certainty that the claimed invention would be successful. Rather, it is sufficient that the prior art would have suggested to one of ordinary skill that the claimed invention would have reasonable likelihood of success.

454164

**4.8 Hindsight**

Obviousness is determined by comparing the prior art to the asserted claims; therefore, it is not improper to review the patents in suit at the start of the obviousness inquiry.  However, a determination of obviousness cannot be based upon the hindsight combination of prior art.  It is wrong to use the patents in suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.

454164

**Public Use – Medtronic AVE's Proposal**

A public use by a person other than the inventor of the patent in suit, who is under no limitation, restriction or obligation of secrecy by the inventor may also invalidate a patent if it occurred before the date of invention by the inventor on the patent, or more than one year before the filing of the application for the patent.  If the prior use was more than one year before the filing date of the application for the patent, then the date of invention for the patent claim is irrelevant.  A public use more than one year before the patent application was filed will be prior art regardless of the date of the invention.  An invention is publicly used by another when it is made accessible to any member of the public, other than the inventor or a person under an obligation of secrecy imposed by an inventor.

In this case, Medtronic AVE relies on certain work performed by Dr. Robert Ersek as a prior public use or knowledge more than one year before the filing date of the application for the patents in suit.

454164

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on March 7, 2005 I electronically filed

Medtronic AVE's Revised Proposed Jury Instructions which will send notification of such filing

to the following:

> Steven J. Balick
> **Ashby & Geddes**
> 222 Delaware Ave., 17th Flr.
> P.O. Box 1150
> Wilmington, DE  19899
>
> Josy W. Ingersoll
> **Young, Conaway, Stargatt & Taylor LLP**
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

> MORRIS, NICHOLS, ARSHT & TUNNELL
> Karen Jacobs Louden (#2881)
> Leslie A. Polizoti (#4299)
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, Delaware  19899
> (302) 658-9200
> Attorneys for Medtronic Vascular, Inc.

OF COUNSEL:
Raphael V. Lupo
Donna M. Tanguay
Mark G. Davis
D. Michael Underhill
Michael W. Connelly
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000