**CHARGE TO THE JURY**

**CORDIS CORPORATION**

**v.**

**MEDTRONIC VASCULAR, INC.**

**Civil Action No. 97-550-SLR**
**Civil Action No. 97-700-SLR**

ROBINSON, C. J.

MARCH 11, 2005

**GENERAL INSTRUCTIONS**

<u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every civil case.  Then I will explain some rules that you must use in evaluating particular testimony and evidence.  I will explain the positions of the parties and the law you will apply in this case.  I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

1

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide whether, under the appropriate burden of proof, which party should prevail on each of the issues presented. I will instruct you about the burdens of proof shortly. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## BURDENS OF PROOF

This is a civil case in which plaintiff, Cordis Corporation, is charging defendant, Medtronic Vascular, Inc., with patent infringement.  Plaintiff has the burden of proving patent infringement by what is called a preponderance of the evidence. That means that plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what plaintiff asserts is more likely true than not.  For example, in assessing infringement, if you were to put plaintiff's evidence and defendant's evidence of infringement on opposite sides of a scale, the evidence supporting plaintiff's assertions would have to make the scales tip somewhat to its side.

In this case, defendant is urging that the asserted claims of the patents in suit are invalid.  Accordingly, defendant has the burden of proving, by clear and convincing evidence, that each asserted claim is invalid.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

3

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments or questions are evidence. The notes taken by any juror are not evidence.

Certain charts and graphics have been used to illustrate testimony from witnesses. Unless I have specifically admitted them into evidence, these charts and graphics are not themselves evidence even if they refer to or identify evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might

have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

6

**CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial.

8

It is the province of the jury to determine whether an incorrect statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to a jury, a person who has special training or experience in that technical field – called an expert witness – is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to judge the credentials and credibility of the expert witness and decide whether to rely upon his or her testimony.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to through depositions that were either read in court or played on videotape.  This testimony is entitled to the same consideration you would give it had the witnesses personally appeared in court. Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

## THE PARTIES

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

Plaintiff is Cordis Corporation, which I sometimes refer to as "Cordis."

Defendant is Medtronic Vascular, Inc., which I sometimes refer to as "Medtronic AVE".

Cordis is the owner of U.S. Patent Nos. 4,739,762, which I will refer to as "the '762 patent," and 5,195,984, which I will refer to as "the '984 patent." The '762 patent includes a reexamination certification, which is attached to the '762 patent in your binders. I may refer to these patents collectively as "the patents in suit." As the owner of the patents in suit, Cordis has the exclusive right to make, use, sell, offer for sale, and import any product that is covered by the patents in suit.

Medtronic AVE has made, marketed, and sold a number of stent products, including the accused MicroStent II, GFX and GFX2 stents. I may refer to these stents collectively as the "accused stents."

13

## PLAINTIFF'S CONTENTIONS

Cordis contends that the accused stents infringe claims 23, 51 and 54 of the '762 patent and claims 1 and 3 of the '984 patent.  These claims may be referred to as "the asserted claims."  The other claims of the patents in suit may be referred to as "unasserted claims."  Medtronic AVE is not accused of infringing any of the unasserted claims.

14

## DEFENDANT'S CONTENTIONS

Medtronic AVE contends that its accused stents do not infringe the asserted claims.

Medtronic AVE also contends that the patents in suit are invalid due to obviousness.

## SUMMARY OF PATENT ISSUES

In this case, you must decide several things according to the instructions that I shall give you.

As to infringement:

- Whether Cordis has proven by a preponderance of the evidence that the accused stents have tubular members with a wall of a "substantially uniform thickness," as that term has been construed by the court.

As to validity:

- Whether Medtronic AVE has proven by clear and convincing evidence that the asserted claims are invalid.

16

## THE ASSERTED CLAIMS

There are a number of claims involved here.  Cordis asserts that the accused stents infringe claims 23, 51 and 54 of the '762 patent and claims 1 and 3 of the '984 patent.  These are the "asserted claims."

Claim 23 of the '762 patent begins at column 12, line 56 of the '762 patent which is exhibit 3 in evidence.  Claim 51 of the '762 patent begins at column 4, line 4 of the '762 Reexamination Certificate which is exhibit 4 in evidence.  Claim 54 begins at column 4, line 42 of exhibit 4.  Claim 1 of the '984 patent can be found at column 11, line 44 of the '984 patent which is exhibit 6 in evidence.  Claim 3 of the '984 patent begins at column 12, line 13 of exhibit 6.

The purpose of the claims is to provide notice to the public of what a patent covers and does not cover.  The claims define the boundaries of the invention described and illustrated in the patent and the patent owner's property rights.  Infringement is the act of trespassing on those rights.  Only the claims of the patent can be infringed.  Neither the specification, which is the written description of the invention, nor the drawings of the patent can be infringed.

17

Not every claim of a patent must cover every feature of the
patented invention.  Each claim is a separate statement of the
patented invention and, therefore, each of the asserted claims
must be considered individually.  To show infringement of a
particular patent, a plaintiff such as Cordis need only establish
that one of the asserted claims in that patent has been
infringed.

18

## DEPENDENT AND INDEPENDENT CLAIMS

There are two different types of claims in a patent.  The first type is called an "independent" claim.  An independent claim does not refer to any other claim of the patent.  An independent claim is read alone to determine its scope.

The second type, a "dependent" claim, refers to at least one other claim in the patent and, thus, incorporates whatever that other claim says.  Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.  If you find that a claim to which a dependent claims refers is not infringed, then you must find that the dependent claim is not infringed.  Likewise, if you find that a claim to which a dependent claim refers is valid, then you must find that the dependent claim also is valid.

For example, claim 13 of the '762 patent, which is not asserted in this case, is an "independent" claim.  You know this because claim 13 does not refer to any other claim.  Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

On the other hand, claim 23 of the '762 patent is a "dependent" claim.  If you look at claim 23, it refers to claim

19

13.   Therefore, to determine what claim 23 covers, you must consider both the words of claims 13 and 23 together.

Some claims of the patents in suit are broader than other claims.  You are not to read the limitations or words of a narrower or dependent claim into a broader or independent claim if the broader claim does not explicitly contain the same limitations.

## OPEN ENDED OR "COMPRISING" CLAIMS

Several claims of the patents in suit use the transitional term "comprising." "Comprising" is interpreted the same as "including" or "containing." In patent claims, comprising means that the claims are open ended. This means that the claim is not limited to products that include only what is in the claim and nothing else. If you find that the accused stents include all of the limitations in any of the asserted claims that use the term "comprising," the fact that they may also include additional elements is irrelevant. The presence of additional elements does not mean that the stent does not infringe a patent claim.

21

## CONSTRUCTION OF CLAIMS

It is my duty under the law to define what the patent claims mean. I have made my determination on the meaning of the disputed language in each asserted claim. The meanings I give you, as well as the remaining claim language, should be interpreted by you in accordance with their normal dictionary meanings. You must use the same meaning for each claim for both your decisions on infringement and your decisions on validity.

You are advised that the following definitions for the following terms must be applied:

**Terms Found in the Asserted Claims of the '762 and '984 Patents**

"**Tubular member.**" A discrete structure that has the form of a tube, that is, a hollow, elongated, usually cylindrical structure with two ends.

"**Thin-walled.**" The wall of the tubular member must have little extent from one surface to its opposite at both its first and second diameters.

"**Wall surface.**" The outer surface of the tubular member must be disposed in a common cylindrical plane.

"**Substantially uniform thickness.**" The wall of a tubular member must be of largely or approximately uniform thickness. A

22